UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tressa R. Glover, As Executor of Estate for Mrs. Carolyn Guinyard Glover, *a/k/a* Tressa R. Glover Parker,<br><br>Plaintiff,<br><br>vs.<br><br>The City of Orangeburg, *et. al.*, CPM Credit Union, *et. al.*; The County of Orangeburg, *et. al.*; Andrew R. Glover, Jr., *et. al.*,<br><br>Defendants. | ) C/A No. 5:08-406-JFA-BM<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>) |

The plaintiff, Tressa R. Glover Parker (hereafter "plaintiff"), has filed this action *pro se* under 28 U.S.C. § 1915. This is the eleventh civil action filed in this Court by the Plaintiff since August 2004. *See Glover v. Rogers Townsend, et. al.*, 5:04-21902-JFA-BM (D.S.C. 2004, hereafter "***Glover One***"); *Glover v. Citifinancial, et. al.*, 5:04-22057-JFA-BM (D.S.C. 2004, hereafter "***Glover Two***"); *Glover Parker v. Orangeburg Consolidated School District Five, et. al.*, 5:04-22938-JFA-BM (D.S.C. 2004, hereafter "***Glover Three***"); *Glover Parker v. Organgeburg Consolidated School District Five*, 5:05-1207-JFA-BM (D.S.C. 2005, hereafter "***Glover Four***"); *Glover Parker v. Sherman Acquisitions, et. al.*, 5:05-3102-JFA-BM (D.S.C. 2005, hereafter "***Glover Five***"); *Glover Parker, et. al., v. Wachovia Bank, et. al.*, 5:05-3158-JFA-BM (D.S.C. 2005, hereafter "***Glover Six***"); *Glover Parker v. Orangeburg County Law Enforcement, et. al.*, 5:05-3282-JFA-BM (D.S.C. 2005, hereafter "***Glover Seven***"); *Glover Parker v. The State of South Carolina, et. al.*, 5:05-3285-JFA-BM (D.S.C. 2005, hereafter "***Glover Eight***"); *Glover v. Carson, et. al.*, 5:06-1134-JFA-BM (D.S.C. 2006, hereafter "***Glover Nine***"); and *Glover v. Carson, et. al.*, 5:06-1408-JFA-BM (D.S.C. 2006,



hereafter ***"Glover Ten"***).[1]

In ***Glover One***, the complaint consisted of a standard *pro se* complaint form with more than twenty pages of various attachments, including court records from a foreclosure action pending in the Orangeburg County Court of Common Pleas. The plaintiff appeared to allege some type of fraud in the mortgage foreclosure. The plaintiff filed an Application to Proceed Without Prepayment of Fees (Form AO-240), also known as an application to proceed *in forma pauperis*, but failed to provide information sufficient to evaluate the Form AO-240. The undersigned filed an order directing the plaintiff to provide the missing financial information and also to supply this Court with necessary service papers (summons forms and USM-285 forms) to bring the case into "proper form."[2] The plaintiff never responded to the order, and on October 1, 2004, the Honorable Joseph F. Anderson, United States District Judge, dismissed ***Glover One*** without prejudice.

Two weeks after filing ***Glover One*** in August 2004, the plaintiff filed ***Glover Two***. This complaint consisted of a standard *pro se* complaint form accompanied by single-spaced typewritten notes and memos along with attachments, including amortization schedules and copies of newspaper legal notices – a total of thirty-three (33) pages. The matter at issue appeared to be the same mortgage foreclosure with additional allegations of attorney fraud or malpractice. The plaintiff sought to proceed *in forma pauperis* but again failed to provide information sufficient to evaluate her application (Form AO-240). The undersigned filed an order directing the plaintiff to provide

---

[1]This Court may take judicial notice of its own records in these prior cases. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Shoup v. Bell & Howell*, 872 F.2d 1178, 1182 (4th Cir. 1989); *Daye v. Bounds*, 509 F. 2d 66 (4th Cir. 1975); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954).

[2]The USM-285 forms are required to accomplish service upon defendants in cases proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(d). Without the USM-285 forms, the United States Marshals are unable to effect service of process.



the missing financial information and also to supply this Court with summons and USM-285 forms. The plaintiff never responded to the order, and on October 5, 2004, Judge Anderson dismissed *Glover Two* without prejudice.

*Glover Three* was commenced on November 9, 2004. Plaintiff filed a standard *pro se* complaint form, this time without voluminous attachments. In the margins of the complaint form, the plaintiff wrote the names of the Defendants and assigned (with green highlighting) the numbers 1 through 36. Only four of the thirty-six (36) Defendants were mentioned in the narrative text of the complaint. The "Statement of Claim" requested that plaintiff's prior cases be re-opened, with the allegations apparently relating to the same mortgage foreclosure proceedings. Plaintiff also attached a form used by the United States Equal Employment Opportunity Commission (EEOC), alleging sexual harassment and retaliation by Orangeburg Consolidated School District Five, although the significance of the form and its relation to plaintiff's underlying claim was not clear. Under *Ellis v. United States*, 356 U.S. 674 (1958), the undersigned recommended that plaintiff's application to proceed *in forma pauperis* be denied, following which plaintiff paid the filing fee on February 15, 2005, and summons forms were issued. Several Defendants appeared and filed motions for dismissal, and under *Roseboro v. Garrison*, 528 F. 2d 309 (4th Cir. 1975), orders were filed notifying plaintiff of the pending motions and advising her that a response was required. On August 17, 2005, the undersigned filed a Report recommending that the Defendant's motions to dismiss be granted, that plaintiff's claim contesting the results of her state mortgage foreclosure action be dismissed with prejudice, with any other claims being dismissed without prejudice. On October 11, 2005, Judge Anderson adopted the Report and dismissed *Glover Three*.

Plaintiff retained counsel and filed an employment discrimination action in *Glover Four* on



April 25, 2005. Counsel's subsequent motion to withdraw as counsel of record, which was opposed by the plaintiff, was granted on May 30, 2006, and plaintiff proceeded *pro se*. On June 30, 2006, Judge Anderson issued a Rule to Show Cause why plaintiff should not be held in contempt for serving a document presented as an order of this Court which was not issued by this Court. Plaintiff retained counsel only for the hearing on July 13, 2006, and Judge Anderson issued an order on July 14, 2006, enjoining plaintiff "from serving or causing to be served any bogus documents purporting to be court orders; from issuing subpoenas, writs, processes or judgments in fictitious cases; and from failing to follow the standard procedure for having subpoenas issued and served in this district." The order also placed a "stay [on] any activity in the case for 30 days so that the respondent [plaintiff] can be evaluated for competency purposes." ***Glover Four*** is pending before the Circuit Court.

On November 2, 2005, plaintiff filed ***Glover Five***, an action against several parties involved in her then-pending bankruptcy case. *See In re: Tressa Renae Glover*, BR Action No. 04-8700-B. On November 23, 2005, the undersigned filed a Report recommending summary dismissal because this Court has no jurisdiction over matters that should be raised in a pending bankruptcy proceeding. On December 27, 2005, Judge Anderson adopted the Report, finding the case frivolous, and dismissed ***Glover Five*** without prejudice.

On November 9, 2005, a week after filing her fifth lawsuit, plaintiff – and another party who did not sign the pleading – commenced ***Glover Six***. Plaintiff alleged a "conspiracy" among some Defendants, but the complaint contained no specific allegations whatsoever with regard to the majority of the named Defendants, and failed to specify the relief sought in this Court. Defendant Wachovia Bank, which was sued with regard to a state court foreclosure, could not be brought into

4



this Court with regard to that proceeding because of the [then] *Rooker-Feldman* Doctrine, and on November 23, 2005, the undersigned filed a Report recommending summary dismissal. On December 27, 2005, Judge Anderson adopted the Report finding the case frivolous and dismissed ***Glover Six*** without prejudice.

***Glover Seven*** and ***Glover Eight*** were filed the same day, November 23, 2005. In ***Glover Seven*** the complaint vaguely alleged discrimination by the Defendants, but the incomplete sentences and phrases did not make specific allegations against any of the named Defendants. The undersigned filed a Report recommending summary dismissal and denial of the request to proceed *in forma pauperis*, and on December 27, 2005, Judge Anderson adopted the Report, finding the case frivolous and dismissed ***Glover Seven*** without prejudice.

In ***Glover Eight*** Plaintiff sued many of the same Defendants named in ***Glover Seven*** and vaguely alleged conspiracy, discrimination and harassment, possibly in relation to the state's investigation into her allegations of employment discrimination. However, Plaintiff provided no specific factual allegations against any of the named Defendants, other than vague allegations against the State, which had immunity from suit under the Eleventh Amendment. The undersigned filed a Report recommending summary dismissal and denial of the request to proceed *in forma pauperis*, and on December 27, 2005, Judge Anderson adopted the Report finding the case frivolous and dismissed ***Glover Eight*** without prejudice.

On April 12, 2006, plaintiff filed ***Glover Nine***, which named more than one hundred and fifty (150) Defendants, many of whom were Defendants in her prior cases. The complaint alleged fraud in state foreclosure proceedings, and included allegations concerning state eviction proceedings, but again contained no specific allegations against the vast majority of the named Defendants. In a letter



requesting to amend the complaint, plaintiff requested enforcement of the October 11, 2005 order in *Glover Three*, based on the mistaken belief that the order required dismissal of a state foreclosure case.  Just as in plaintiff's prior case, *Glover Six*, the Report and Recommendation in *Glover Nine* explains that state court rulings cannot be set aside in a civil rights action filed in federal court because it was, at the time, prohibited under the *Rooker-Feldman* Doctrine.  The Report also recommended summary dismissal and denial of plaintiff's request to proceed *in forma pauperis*, as well as that plaintiff be required to pay the full filing fee in any future cases filed concerning fraudulent mortgage or eviction proceedings before the case can proceed beyond initial review. Judge Anderson adopted the Report on October 2, 2006.

Less than a month after filing *Glover Nine*, plaintiff filed the complaint in *Glover Ten*.  The complaint named thirty (30) Defendants, but, as before, contained no specific allegations with regard to the majority of the named Defendants.  The Statement of Claim portion of the complaint repeated some of plaintiff's allegations in her prior cases, such as conspiracy, harassment, mental distress, and mortgage fraud, but the factual allegations also related to plaintiff's arrest on October 11, 2005, alleging false arrest and malicious prosecution, as well as seizure of personal property.  In the relief section of the complaint, plaintiff requested dismissal of the arrest warrant and the charges; return of her personal property; monetary damages; an order from the court that would compel attendance at a drug rehabilitation program by various people; "fire, prosecute judge, clerk of court, and officers";  and an order to compel state judges to "dismiss all actions created as a favor to " certain specified people.

On July 14, 2006, Judge Anderson issued an order in both *Glover Nine* and *Glover Ten*, applying the thirty (30) day stay of activity imposed in *Glover Four* to add thirty (30) days to the

6



one hundred and twenty (120) days allowed to serve cases under Rule 4 of the Federal Rules of Civil Procedure.  A Report and Recommendation was subsequently issued in **Glover Nine**, and Judge Anderson issued an order of dismissal on October 2, 2006.  A Report and Recommendation was made in **Glover Ten** prior to issuance of the summons because the case was not in proper form for service, with service papers not having been provided by the plaintiff, and because the frivolous complaint did not require a response by Defendants to determine that the case should be dismissed pursuant to 28 U.S.C. § 1915.  A final order of dismissal was filed on October 2, 2006.[3]

Plaintiff now files the above-captioned matter, **Glover Eleven**, pursuant to 42 U.S.C. § 1983, suing approximately 150 Defendants.  The complaint contains no *specific* allegations with regard to the majority of the named Defendants, however, the plaintiff states "the defendants and the Dept. of Public Safety [committed] assault, battery, false imprisonment, libel, slander, malicious prosecution, alienation of affections (sic), and seduction on January 4, 2008."  Plaintiff also claims "the defendants" entered her house to take financial and legal documents for the purpose of engaging in identity theft.  According to the plaintiff, "[t]he defendants and the Department of Public Safety did commit theft of U.S. Postal Mail via repeated and unwarranted mail forwarding requests."

Plaintiff also alleges she is ill, "caused by ...Orangeburg Consolidated School District Five" and she states the death of her mother has been devastating to her.  Plaintiff maintains the Defendants contributed to her mother's illnesses and "rapid decline".  The complaint details some of the family events that occurred prior to, and subsequent to, the death of  plaintiff's mother.

The complaint also references events surrounding the probating of plaintiff's mother's estate.

---

[3]That file also reflects that the Court's documents mailed to the Plaintiff were being returned to the Clerk as undeliverable.



It appears that in the course of probating the estate, plaintiff obtained an "Affidavit for Collection of Personal Property Pursuant to Small Estate Proceeding" (Affidavit) which provided that the plaintiff was entitled to a 50 % share of her mother's estate, with the remaining half to be distributed to the plaintiff's brother. Plaintiff alleges she took the affidavit to a credit union to close one of her mother's accounts. According to the plaintiff, the teller issued two checks, one for the plaintiff and one for the plaintiff's brother. Plaintiff claims she signed and deposited her brother's check with his verbal permission, however, the plaintiff was served with a warrant for forgery. Plaintiff maintains the warrant contains "malicious fraudulent information with definite criminal intent".

Plaintiff also outlines, in some detail, the circumstances surrounding her arrest. Plaintiff seeks a permanent restraining order against all local law enforcement branches for Calhoun and Orangeburg Counties and dismissal of the warrant. She also asks for punitive and compensatory damages, interest, costs, and attorney's fees.

## DISCUSSION

The Plaintiff is a *pro se* litigant whose pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). Even under this less stringent standard, however, a *pro se* complaint is still subject to summary dismissal if it fails to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Sciences*, 901 F. 2d 387 (4th Cir. 1990). Such is the case here.

## FALSE ARREST

To state a valid claim for false arrest, Plaintiff must claim that an arrest was made without

8



an arrest warrant. *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) ("[A] claim for false arrest may be considered only when no arrest warrant has been obtained."); *Brooks v. City of Winston-Salem*, 85 F.3d 178 (4th Cir. 1996). However, Plaintiff alleges that a warrant was issued for her arrest. Therefore, the Complaint fails to state a claim for false arrest.

## MALICIOUS PROSECUTION

With regard to Plaintiff's malicious prosecution claim, this claim is subject to summary dismissal because a right of action under § 1983 has not yet accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*See also Schafer v. Moore*, 46 F.3d 43 (8th Cir., January 27, 1995)("Therefore, in light of *Heck*, the complaint was properly dismissed for failure to state a claim."); and *Woods v. Candela*, 47 F.3d 545, (2nd Cir. 1995)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed). *See also Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178 (4th Cir. 1996). *Accord Smith v. Holtz*, 879 F. Supp. 435 (M.D.Pa., March 24, 1995); Burnside v. Mathis, 2004 WL 2944092 (D.S.C. 2004) (unpublished).

Although the decision in *Heck v. Humphrey* concerned a conviction, its rationale is also applicable to pre-trial detainees. *See Nelson v. Murphy*, 44 F.3d 497 (7th Cir. 1995)("[A]n inmate



already participating in state litigation must make his stand there rather than attempt the equivalent of federal-defense removal by filing an independent § 1983 suit."); *Norris v. Super Cab Co.*, 1994 WL 665193 (N.D.Cal., November 15, 1994)(unpublished); *Norris v. Patsy*, 1994 WL 443456 (N.D.Cal., July 29, 1994) (unpublished) (Under *Heck v. Humphrey, supra*, "[a] judgment in favor of the plaintiff here would imply the invalidity of pending state criminal proceedings which have not already been invalidated; . . . therefore, any request for damages pertinent to said proceedings is premature and must be DISMISSED."); *Hudson v. Chicago Police Department*, 860 F. Supp. 521 (N.D.Ill. 1994) ("federal courts will not entertain a claim for damages under § 1983 if disposition of the claim would entail ruling on issues in dispute in pending state proceedings.") *Accord Babcock v. Collord*, 1994 WL 374528 (complaints subject to dismissal under *Heck v. Humphrey* can be dismissed under 28 U.S.C. § 1915(d)); *see also*, *Daniel v. Ruph*, 1994 WL 589352 (N.D.Cal., October 12, 1994):

> In this case, plaintiff seeks damages under § 1983 based on a violation of his Sixth Amendment right to put on a meaningful defense.  A judgment in favor of the plaintiff on that claim would imply the invalidity of his ongoing criminal proceedings.  If plaintiff were successful in showing that he had been denied his constitutional right to prepare his defense, any conviction which flowed from that denial would be invalidated.  Therefore, the instant allegations fail to state a cognizable claim under § 1983 and are DISMISSED without prejudice.  * * *

*Daniel v. Ruph, supra*, 1994 WL 589352 (footnote following quotation omitted).

Although the decision in *Wallace v. Kato*, 127 S.Ct.1091, 2007 WL 517122 (February 21, 2007) limited the application of *Heck* when a  pre-trial detainee alleges a false arrest, *Heck* remains a bar to challenging other pre-trial events via a civil rights suit. *See Jovanovic v. City of New York*, 2008 WL 355515 (S.D.N.Y. Feb 07, 2008) (Supreme Court granted certiorari but "expressly limited" the grant "to the Fourth Amendment false arrest claim").  Consequently, plaintiff's



malicious prosecution claim must be dismissed.

## DISMISSAL OF THE WARRANT

As for Plaintiff's request that the warrant in her criminal case be dismissed, a federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances. In *Younger v. Harris*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. 37, 43-44 (1971).

From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). According to the allegations of Plaintiff's complaint, Plaintiff is involved in an ongoing state criminal proceeding for the 2007 forgery charge. As for the second criteria, the Supreme Court has held: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief;" *Kelly v. Robinson*, 479 U.S. 36, 49 (1986); while the Fourth Circuit has addressed the third criteria in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d at 903



(quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).

For the foregoing reasons then, Plaintiff's request that the warrant be dismissed must be denied for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## HABEAS CLAIM

If Plaintiff's Complaint is construed as challenging Plaintiff's imprisonment, her pleading is more appropriately filed pursuant to the federal habeas corpus statute, 28 U.S.C. § 2241. Although federal habeas corpus relief for a state prisoner is available post-conviction, a *pretrial* petition for habeas corpus may be brought under § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995), *cert. denied*, 517 U.S. 1123 (1996) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987)).

However, while both § 1983 and § 2241 provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his [or her] confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. at 481 (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). Therefore, to the extent Plaintiff wishes to "'abort a state proceeding or to disrupt the orderly functioning of state judicial processes,'" she may not proceed, as "an attempt to dismiss an indictment or otherwise prevent a prosecution" is not attainable through federal court under § 1983. *Dickerson v. Louisiana*, 816 F.2d 220, 226 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987) (quoting *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)).



## <u>TORT CLAIMS</u> / <u>U.S. POSTAL CLAIM</u>

Plaintiff also alleges that the Defendants committed assault, battery, false imprisonment, libel, slander, malicious prosecution, alienation of affections (sic), and seduction. With respect to these claims, however, in order for this Court to hear or decide Plaintiff's case, the Court must first have jurisdiction over the subject matter of the litigation.  It is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and federal statute.  *See Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  This limited jurisdiction is not to be expanded by judicial decree.  *See American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951).  Further, it is to be presumed that a cause lies outside this limited jurisdiction, *see Turner v, Bank of North America*, 4 U.S. (4. Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *see McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936).

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332.  The allegations contained in the complaint filed by the plaintiff in the above-captioned matter do not fall within the scope of either form of this Court's limited jurisdiction.

First, there is clearly no basis for a finding of diversity jurisdiction over this complaint.  Any state law causes of action, such as assault, battery, false imprisonment, libel, slander, malicious prosecution, alienation of affection, seduction, or any type of tort action for acts of the Defendants which allegedly caused the plaintiff to be "ill", would be cognizable in this court under the diversity statute only if that statute's requirements are satisfied. *Cianbro Corporation v. Jeffcoat and Martin*,



804 F. Supp. 784, 788-791 (D.S.C. 1992), *affirmed*, *Cianbro Corporation v. Jeffcoat and Martin*, (4th Cir., November 22, 1993), 10 F.3d 806 [Table].  The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332.

Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side.  *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978). A review of Plaintiff's complaint reveals that this court has no diversity jurisdiction because some - in fact many - of the Defendants in the above-captioned case are residents of the State of South Carolina, and the plaintiff is a resident of the State of South Carolina.  Hence, complete diversity of parties is absent in the above-captioned case, and diversity jurisdiction is therefore lacking.

Second, it is clear that the essential allegations of the complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  That is, the complaint must state a claim cognizable under this Court's "federal question" jurisdiction.  Plaintiff's allegations, except for the brief allegation pertaining to the U.S. Postal Service, do not contain any reference to an alleged violation of any federal statute or constitutional provision by a Defendant.  As for the claim pertaining to the U.S. Postal Service, plaintiff simply says that "the defendants" and also the Department of Public Safety apparently made "unwarranted



mail forwarding requests." Beyond this, plaintiff offers two sentences to this allegation; First, that the Defendant's never received mail at the post office box of the deceased, nor were they authorized users of that mail box. Second, that "the defendants" submitted multiple mail forwarding requests from August 2007 to January 2008. Nothing more is presented by the plaintiff regarding this allegation, and it is impossible to decipher from these allegations which of the approximately 150 Defendants may have done this. There is also no way to determine a specific date or time during which the situation described by the plaintiff is alleged to have occurred or the locations where these alleged acts took place. It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for state prisoners or *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Therefore, even under the lenient standards by which *pro se* pleadings are reviewed, this particular allegation fails to state a cause of action upon which a federal court may grant relief and, thus, it should be dismissed without prejudice.

Additionally, the Defendant which the plaintiff *did* specify, the Department of Public Safety, is an agency of the State of South Carolina. The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts.[****] See *Alden v. Maine*, 527 U.S. 706, 713, 144 L. Ed. 2d 636, 119 S. Ct. 2240 (1999)(immunity "is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today...except as altered by the plan

---

[****]

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

15



of the Convention or certain constitutional Amendments."); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55-56, 116 S. Ct. 1114, 134 L.Ed.2d 252 (1996); *Principality of Monaco v. Mississippi*, 292 U.S. 313, 322-323, 54 S. Ct. 745, 78 L.Ed. 1282 (1934); and *Blatchford v. Native Village of Noatak and Circle Village*, 501 U.S. 775, 111 S. Ct. 2578, 115 L.Ed.2d 686 (1991). *See also Federal Maritime Commission v. South Carolina State Ports Authority, et. al.*, 535 U.S. 743, 743, 122 S. Ct 1864, 152 L.Ed.2d 962 (2002)(state sovereign immunity precluded Federal Maritime Commission from adjudicating a private party's complaint against a non-consenting State). Consequently, a claim brought pursuant to 42 U.S.C. §1983 does not override the Eleventh Amendment, and this Defendant is entitled to dismissal. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979).

## BREAKING AND ENTERING CLAIM / STANDING

Plaintiff has also alleged that the Defendants broke into her home to take papers and other documents. Even if true, to the extent Plaintiff is alleging a criminal act by some of the named Defendants, a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person, and therefore Plaintiff cannot seek the issuance of criminal charges in this lawsuit. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986)(*applying Linda R.S. v. Richard D.* and collecting cases); *Doyle v. Oklahoma State Bar Ass'n*, 998 F.2d 1559, 1566-1567 (10th Cir. 1993); *Lane v. Correll*, 434 F.2d 598, 600 (5th Cir. 1970); *Neitzke v. Williams*, *supra* (although district courts should not blur the distinction between the standards applicable to a Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted and a dismissal under 28 U.S.C. § 1915



because a claim is frivolous, a patently insubstantial complaint may be dismissed). *Cf. Community for Creative Non-Violence v. Pierce*, 252 U.S.App.D.C. 37, 786 F.2d 1199, 1201-1202 (D.C.Cir. 1986)(denying motion to disqualify Office of the United States Attorney); *Collins v. Palczewski*, 841 F. Supp. 333, 340 (D.Nev. 1993)("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"). Further, since the plaintiff does not have a judicially cognizable interest in the criminal prosecution of another person, the plaintiff lacks standing to even raise such a claim. *Linda R.S. v. Richard D.*, *supra,* 410 U.S. at 619; *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (a private citizen lacks a judicially cognizable interest in the criminal prosecution of other persons). In its opinion in *Leeke v. Timmerman*, the Supreme Court of the United States cited a similar precedent from the Supreme Court of South Carolina. *See Leeke v. Timmerman*, *supra*, 454 U.S. at 87 n. 2, *citing State v. Addison*, 2 S.C. 356, 364 (1871).

The plaintiff also lacks standing to sue on behalf of her mother or her mother's estate. *See Laird v. Tatum*, 408 U.S. 1 (1972). *See also Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 482 (1982); and *Flast v. Cohen*, 392 U.S. 83, 99 (1968)(a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, and that the merits of the case are irrelevant). *See also Lake Carriers Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972); and *Hummer v. Dalton*, 657 F.2d 621, 625-626 (4th Cir. 1981)(a prisoner cannot act as a "knight-errant" for others). *Cf. Oxendine v. Williams*, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975)(a *pro se* prisoner cannot be an advocate for others in a class action); and *McNeil v. Guthrie*, 945 F.2d 1163, 1164 & nn. 1-2 (10th Cir. 1991).

If a plaintiff lacks standing, there is no "case or controversy[,]" and if there is no "case or

17



controversy[,]" a district court lacks subject-matter jurisdiction. *Valley Forge Christian College v. Americans United for Separation of Church & State, supra*, 454 U.S. at 476. *See also United States v. Kerner*, 895 F.2d 1159, 1162 & n. 3 (7th Cir. 1990), where the Court noted: "'the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim on the legal rights or interests of third parties.'" Here, the plaintiff cannot assert her family members' rights. Each family member must do so himself or herself. *See*, *e.g.*, *Dellamore v. Stenros*, 886 F. Supp. 349 (S.D.N.Y. 1995). Moreover, it is well settled that a *pro se* litigant may not represent others in a civil action. *Hummer v. Dalton*, *supra; see also United States v. Kerner*, 895 F.2d 1159 (7th Cir. 1990), where the court noted: " 'the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim on the legal rights or interests of third parties.' " 895 F.2d at 1163; *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (finding it well established that a *pro se* litigant may not represent a corporation, estate, partnership, or "his or her minor child"). In *Pridgen*, the court noted that such limits on *pro se* representation "serve the interests of the represented party as well as the interests of adversaries and the court." *Id*.

## RECOMMENDATION

Accordingly, it is recommended that the Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Boyce v. Alizaduh*; *Todd v. Baskerville*, 712 F.2d at 74; and 28 U.S.C. § 1915(e)(2)(i)[frivolous].

Bristow Marchant
United States Magistrate Judge

March  5, 2008
Columbia, South Carolina

18



***The plaintiff's attention is directed to the notice on the following page.***



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

